UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| KEVIN TYLER HAFLEY | ) | |
| | ) | |
|     *Plaintiff,* | ) | |
| v. | ) | No. 1:08-CV-120 |
| | ) | |
| COUNTY COMMISSION OF McMINN COUNTY, et al. | ) | Chief Judge Curtis L. Collier |
| | ) | |
|     *Defendants.* | ) | |

## MEMORANDUM

Before the Court is Defendants County Commission of McMinn County, McMinn County Sheriff's Department and Caleb Martin's motion to dismiss or for summary judgment (Court File No. 39). Defendants submitted a memorandum in support (Court File No. 40). Plaintiff Kevin Tyler Hafley filed a response in opposition (Court File No. 47). Since Defendants expressly ask the Court to rely on matters outside the pleadings and to treat their motion as one for summary judgment, the Court will do so. For the following reasons, the Court will **GRANT** Defendant's motion (Court File No. 39).

**I.    RELEVANT FACTS**[1]

Plaintiff and two friends were looking for a deer on September 25, 2006, when Plaintiff was shot by an unknown individual. One of Plaintiff's friends called Defendant Martin, a deputy with the McMinn County Sheriff's Department. Martin falsely told Plaintiff's friends he was at county

---

[1] The parties both provide narrative accounts of the relevant facts without citing to the record. Plaintiff criticizes Defendants for doing this, but did the exact same thing himself. Or, almost the exact same thing; at the end of Plaintiff's narrative, it says "(See Exhibits 1-9)." Plaintiff submitted only nine exhibits, so this citation's value is nil.

dispatch and Martin did not report the shooting. Plaintiff speculates Martin's motive for lying about his whereabouts and not reporting the shooting was to protect his job because he had agreed to assist Plaintiff with locating a deer that had been shot via the illegal means of spotlighting. In his deposition, Martin testified he initially did not say anything about "being there." Martin was ashamed because he initially had not believed Plaintiff was shot. Because no emergency services personnel responded to Plaintiff's location, his friends transported him to a hospital in the back of a pick up truck.

Plaintiff states he was misinformed by Sheriff's Department personnel about the department's investigative efforts. Around mid-July 2007, Plaintiff and his family were somehow informed the Sheriff's Department and Martin made a concerted attempt to conceal the incident. Adam Cook testified by affidavit he is a police officer who was sent to a hospital to check on Plaintiff after the shooting. "Caleb"[2] and Cook went to retrieve bullet fragments taken from Plaintiff's body. Martin took the container with the fragments and immediately hid them on his body to prevent anyone else from seeing them. Martin never let Cook see the fragments. McMinn County Sheriff's Department Detective Greg Earps testified by affidavit he was involved in investigating the shooting and knew Martin had the bullet fragments. Earps testified he had been trained with Martin in chain of custody issues and Martin signed an evidence receipt for the fragments. Martin gave Earps an evidence bag containing the bullet fragments; the bag had not been tampered with and had the receipt for the material from the hospital sealed within it.

Plaintiff testified by affidavit the Sheriff's Department has never contacted him about the

---

[2]The affidavit never identifies who "Caleb" is, but from the context the Court assumes he is Defendant Martin.

2

shooting. He contacted the Sheriff's Department multiple times but they would tell him to be patient because they were working on it. Plaintiff's mother hired a private investigator to determine who shot him. The private investigator testified the McMinn Sheriff's Department did not search or seize any evidence from the residence of the purported shooter, nor did they attempt to do so. The investigator also testified the department knew of Martin's involvement in the shooting and ignored the evidence against the purported shooter and began to target and intimidate Plaintiff's friends.

## II. STANDARD OF REVIEW

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Initially, the moving party must demonstrate no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The Court views the evidence, including all reasonable inferences, in the light most favorable to the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). However, the non-movant is not entitled to a trial based solely on its allegations, but must submit significant probative evidence to support its claims. *Celotex*, 477 U.S. at 324; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The moving party is entitled to summary judgment if the non-movant fails to make a sufficient showing on an essential element for which it bears the burden of proof. *Celotex*, 477 U.S. at 323. In short, if the Court concludes a fair-minded jury could not return a verdict in favor of the non-movant based on the record, the Court may enter summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

3

242, 251-52 (1986); *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

## III. DISCUSSION

Plaintiff alleges violations of his substantive and procedural due process rights under the Fourteenth Amendment to the United States. He brings his claims pursuant to 42 U.S.C. § 1983, which "makes liable only those who, while acting under color of state law, deprive another of a right secured by the Constitution or federal law." *Hughes v. Region VII Area Agency on Aging*, 542 F.3d 169, 176 (6th Cir. 2008) (quoting *Romanski v. Detroit Entm't, L.L.C.*, 428 F.3d 629, 636 (6th Cir. 2005)). Defendants initially moved to dismiss this case, but the Court denied their motion without prejudice because the briefing by both sides was inadequate. With the benefit of this latest round of filings, it is clear from the record that Defendants are not liable under any federal causes of action.

Plaintiff's contentions that Defendants have not properly investigated or prosecuted his case do not state a claim, and the Sixth Circuit has specifically described such claims as frivolous. *Parker v. Napoleon*, 46 F. App'x 298, 299 (6th Cir. 2002). "[T]he benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations." *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 768 (2005). *See also Linda R. S. v. Richard D.*, 410 U.S. 614, 618 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007) ("There is no statutory or common law right, much less a constitutional right, to an investigation."); *Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 701 n.5 (6th Cir. 2006) ("We have not found any legal support for the proposition that, in the absence of deliberate indifference before a constitutional

4

violation, a municipality may be liable for simply failing to investigate or punish a wrongdoer *after* the violation.").

Nor did Defendants have any duty to protect Plaintiff from harm by a private actor. *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 195-97 (1989)). There are two exceptions to this rule, and Plaintiff seeks to impose liability on Defendants under both exceptions. Plaintiff contends Defendants are liable for him being shot by a private actor because Defendants created the danger and had a special relationship with him. There was no special relationship because Plaintiff was never in state custody nor restrained by the state. *Cartwright v. City of Marine City*, 336 F.3d 487, 492 (6th Cir. 2003); *Jones v. Union County*, 296 F.3d 417, 428 (6th Cir. 2002). As for a state-created danger, it requires Plaintiff to show: "1) an affirmative act by the state which either created or increased the risk that the plaintiff would be exposed to an act of violence by a third party; 2) a special danger to the plaintiff wherein the state's actions placed the plaintiff specifically at risk, as distinguished from a risk that affects the public at large; and 3) the state knew or should have known that its actions specifically endangered the plaintiff." *Cartwright*, 336 F.3d at 493 (citing *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1066 (6th Cir. 1998)). Plaintiff does not satisfy any of these elements. Plaintiff's response brief states the "likely perpetrator of the violence had demonstrated a propensity for such that was known or should have been known by the Defendants." This contention lacks any evidentiary support. Plaintiff has pointed to no evidence in the record showing Martin or any other defendant or anyone else had any reason to think Plaintiff would be shot, and the Court's generous review of the record has likewise turned up no evidence. Plaintiff's narrative of the facts does not contain any allegation which could support this conclusion, nor did Plaintiff's complaint make any such allegation.

5

Plaintiff offers not a single fact or allegation, let alone evidence, in support of this conclusion. It is also frivolous.

Plaintiff also contends Martin's failure to respond to his friend's call for help harmed him. But there is no evidence Martin indicated he was going to respond or seek help. Moreover, "the Due Process clause does not guarantee any citizen the right to government aid, including a guarantee of rescue." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1066 (6th Cir. 1994) (citing *DeShaney*, 489 U.S. at 195). Even if there was evidence Martin had indicated he was going to respond, his failure to do so would not be a constitutional violation. There is no constitutional violation when a state actor fails to act after voluntarily undertaking to protect against a danger. *DeShaney*, 489 U.S. at 202. Nor is there any evidence Plaintiff suffered greater harm than he would have had Martin or other emergency workers responded sooner. Finally, it is worth noting Martin's failure to respond resulted from at most negligence and was not intentional. Based on his past experience with Plaintiff's friend, Martin thought Plaintiff's friend was joking when he called him.[3] His lack of response was therefore not intentionally designed to harm Plaintiff. "Gross negligence is not actionable under § 1983, because it is not 'arbitrary in the constitutional sense.'" *Lewellen v. Metropolitan Gov't of Nashville*, 34 F.3d 345, 351 (6th Cir. 1994); *see also Mitchell*, 487 F.3d at 377 (noting "the Supreme Court has made it clear that mere negligence on the part of governments and their agents does not provide plaintiffs with a ticket to federal court to seek substantive due process relief").

---

[3]Martin was not answering 911 calls. The call apparently was made directly to his cell phone. When Martin did go to the county's dispatch location, according to his deposition, the dispatcher was talking on the phone. She hung up and said someone has been shot in the woods. This is the first indication Plaintiff's friends called 911.

6

Plaintiff's procedural due process claim also fails.  To succeed on a procedural due process claim, Plaintiff must have been deprived without appropriate process of life, liberty, or property. *Hamilton v. Myers*, 281 F.3d 520, 529 (6th Cir. 2002); *Franklin v. Aycock*, 795 F.2d 1253, 1261 (6th Cir. 1986).  Plaintiff contends he had a property interest in Martin enforcing the law and Martin's failure to do so caused him harm.  "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire" and "more than a unilateral expectation of it.  He must, instead, have a legitimate claim of entitlement to it."  *Castle Rock*, 545 U.S. at 755 (quoting *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972)).  Plaintiff wrongly assumes he has an entitlement to a police officer enforcing the law.  *See id.* at 764-66.  Plaintiff also wrongly assumes that had Martin carried out his duties, he would not have been shot and he would have been rescued sooner.  As noted, there is no evidence to support these contentions.

Neither party has addressed the state law claims in this case.  Because the Court is dismissing all federal claims, the Court will decline to exercise supplemental jurisdiction over the state law claims.  28 U.S.C. § 1367(c)(3).

**IV.   CONCLUSION**

For the foregoing reasons, the Court will **GRANT** Defendant's motion for summary judgment.  All of the federal claims will be dismissed.  The state law claims will also be dismissed but without prejudice.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**